## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**RICHARD GILLIAM,**
**#209415**                                                                                **PLAINTIFF**

**V.**                                    **CASE NO. 4:19-CV-711-BD**

**JOHN STALEY,** *et al.*                                                    **DEFENDANTS**

## ORDER

Plaintiff Richard Gilliam, a pretrial detainee in the Lonoke County Detention

Facility (Detention Facility), is representing himself in this civil rights lawsuit. Mr.

Gilliam alleges that during the month of January 2018, Defendant Wells required him to

shower in full restraints at the direction of Defendant Staley. (Doc. No. 2) According to

Mr. Gilliam, he was unable to properly wash himself in full restraints, which led to the

development of a rash around his genitals and groin area. (Doc. No. 2) He also claims

that Defendants failed to provide him with medical care for the rash.

Defendants have moved for summary judgment on all claims. They contend that

they did not violate Mr. Gilliam's constitutional rights; that Lonoke County did not have

an unconstitutional policy or custom that injured Mr. Gilliam; that Defendant Staley was

not personally involved in any decision relevant to the claims in this lawsuit; and that

they are all entitled to qualified immunity. (Doc. No. 32) Mr. Gilliam has not responded

to the motion, and the time for filing a response has expired.

## I.      Standard

In a summary judgment, the court rules in favor of a party without the need for a trial. A moving party is entitled to summary judgment only if the evidence, viewed in the light most favorable to the other party, shows that there is no genuine dispute as to any fact that is important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322в23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986).

## II.     Facts

The Defendants have filed a Statement of Undisputed Facts in support of their motion. (Doc. No. 34) Mr. Gilliam has not responded to the Defendants' motion; nor has he contested their statement of the facts. The Court, therefore, will deem the Defendants' statement of undisputed facts to be true.

Mr. Gilliam was arrested on December 25, 2017 and charged with capital murder, kidnaping, aggravated residential burglary, attempted capital murder, escape, and criminal mischief. (Doc. No. 34-2) He filed 25 grievances and requests between the date of his arrest and May 18, 2018. (Doc. No. 34-3) Only one of those grievances concerned his difficulty in properly cleaning himself during the month of January. He filed that grievance on March 21, complaining that, "I was forced to wear shackles while in the shower, hindering me from providing myself with necessary hygiene. Why was I treated that way, when there are inmates who assault officers and other inmates and only get a slap on the wrist." (Doc. No. 34-3, p.19) An officer responded that, "[i]t was done for the

safety of staff. You are not acting in the same way you were when you first came here. Your [sic] doing great. Thank you." (Doc. No. 34-3, p.19) Nowhere in this grievance –or in any of the other 24 grievances—did Mr. Gilliam mention or complain about a rash in his groin area. (Doc. 34-3)

According to records offered by the Defendants, Mr. Gilliam went to ArCare on January 4 for an examination of his right hand after he was engaged in an altercation; on January 5, he returned for an x-ray of his hand. (Doc. No. 34-5) There is no evidence that Mr. Gilliam complained about a rash at either visit. (Doc. No. 34-5).

Mr. Gilliam filed two medical requests in January complaining about not getting his prescribed medications. (Doc. 34-3) He did not mention a groin rash in either. In February, he filed a medical request asking for reimbursement for blood pressure medication that he paid for but did not receive. (Doc. 34-3) He did not complain of a rash. In fact, there is no evidence that Mr. Gilliam complained about a groin rash to any official or medical provider at any time relevant to the claims in this lawsuit.

## III.   Discussion

### A.   Individual Capacity Claims

Qualified immunity protects government officials from liability in cases brought under § 1983 if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To prevail against a claim of qualified immunity, a plaintiff must show that the facts alleged or shown by the plaintiff make out a

3

constitutional violation, and that the constitutional right allegedly violated was "clearly established." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quotation omitted). Thus, "[a] clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id.* (quotation omitted).

i.    Conditions of Confinement Claim

A pretrial detainee cannot be subjected to conditions or restrictions that amount to punishment or that otherwise violate the constitution.[1] *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 907 (8th Cir 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979)). The Constitution bars conditions that are intentionally punitive, that are not reasonably related to a legitimate governmental purpose, or that are excessive in relation to a legitimate purpose. *Id.*

Defendants argue that they kept Mr. Gilliam restrained while he showered for a legitimate penological purpose, *i.e.*, to protect jailers and other inmates. (Doc. No. 33,

---

[1] Because Mr. Gilliam was a pretrial detainee at the time of the alleged constitutional violation, his conditions of confinement claim is governed by the Due Process Clause of the Fourteenth Amendment, instead of the Cruel and Unusual Punishment Clause of the Eighth Amendment, which applies to convicted prisoners. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 905 (8th Cir 2020); *Morris v. Zefferi*, 603 F.3d 805, 809 (8th Cir. 2010); *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996).

p.8) They argue that Mr. Gilliam made multiple threats, engaged in physical altercations with staff and inmates, attempted to escape, and damaged and destroyed Detention Facility property during his stay and that this behavior justified the use of restraints. (Doc. No. 33, p.8) Defendants did not support this assertion with an affidavit, but they did include Mr. Gilliam's March 21 grievance where he admitted breaking a television shortly after he arrived at the Detention Center. (Doc. No. 34-3, p.19) It is fair to assume that Mr. Gilliam exhibited behavior problems, at least in the early part of his stay.

Defendants have offered a legitimate reason for keeping Mr. Gilliam restrained while he showered during the month of January. Defendants assert, without offering evidentiary support, that Mr. Gilliam had one unrestrained arm while showering that would have allowed him to wash his groin area. (Doc. No. 33, p.8) In the absence of a response from Mr. Gilliam, the Court will deem this assertion as a fact.

On this record, Defendants have established that they did not violate Mr. Gilliam's constitutional rights by keeping him partially restrained when he showered during the month of January, 2018. They are entitled to qualified immunity because they did not violate a clearly established law by restraining Mr. Gilliam while he showered, given his aggressive behavior. *See Sandin v. Connor*, 515 U.S. 472, 484 (1995) (no dramatic departure from ordinary conditions of confinement when inmate had to shower with leg irons and waist chain for 30 days); *Bell v. Wolfish*, 441 U.S. 520, 540 (1979) ("Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting.");

*Key v. NcKinney*, 176 F.3d 1083, 1086 (8th Cir. 1999) (an inmate placed in restraints for 24 hours did not violate the Eighth or Fourteenth Amendment); *Branham v. Meachum*, 77 F.3d 626, 631 (2d Cir. 1996) (requiring an inmate on lockdown to shower in leg irons does not state a conditions of confinement claim under the Eighth Amendment); *LeMaire v. Maas*, 12 F.3d 1444, 1457 (9th Cir. 1993) (prison official's decision to shackle dangerous inmate in shower does not violate the Eighth Amendment); *Hubbard v. Walton*, 2018 WL 1915889 (W.D. Ark. 2018) (inmate required to shower in restrains did not violate the constitution).[2]

ii.   Deliberate Indifference to Medical Needs Claim

Determining whether an official was deliberately indifferent to a pretrial detainee's medical needs involves a two-prong inquiry. *Scott v. Benson*, 742 F.3d 335, 339B40 (8th Cir. 2014). First, did Mr. Gilliam suffer from an objectively serious medical need; and second, did the Defendants actually know of that need but deliberately fail to act? A medical need is considered serious if it has been "diagnosed by a physician as requiring treatment" or is "so obvious that even a layperson would easily recognize the

---

[2] The Eighth Circuit has frequently applied the same deliberate indifference standard to conditions of confinement claims based on either the Fourteenth or Eighth Amendment. *See Davis v. Oregon County, Mo.*, 607 F.3d 543, 548-49 (8th Cir. 2010); *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006). Accordingly, cases that analyze a condition of confinement claim under the Eighth Amendment are relevant in determining whether the Defendants should have known that requiring Mr. Gilliam to shower while restrained for a month would violate a clearly established right.

necessity for a doctor's attention." *Id*. at 339 (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)).

A knowing and conscious disregard of a detainee's medical needs is a mental state "akin to criminal recklessness." *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). Defendants' failure to provide needed care must have been more than negligent—or even grossly negligent. *Fourte v. Faulkner County, Ark*., 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)).

Leaving aside whether a groin rash is a serious medical need, Mr. Gilliam has not alleged that the Defendants knew about his rash. According to the undisputed facts, he never requested sick call for a rash; and he did not complain about a rash when he attended sick call for other reasons. He was obviously able to file medical grievances; but not one of those grievances refers to a lack of treatment for a rash—or any mention of a rash. Defendants cannot be held liable for failing to treat a condition that they did not know about.

B.     Official Capacity Claims

Mr. Gilliam's claims against the Defendants in their official capacities are, in effect, claims against Lonoke County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir.2010). A county is liable for the acts of its employee only if the employee violated the plaintiff's rights by carrying out a county policy or custom. *Monell v. New York Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009) Here, Mr. Gilliam has not alleged that Lonoke County had an

unconstitutional policy or custom that caused him harm. In any event, Defendants did not violate Mr. Gilliam's constitutional rights, so there is no county policy at issue.

## IV.  Conclusion

The Defendants' motion for summary judgment (Doc. No. 32) is GRANTED; and Mr. Gilliam's claims are DISMISSED, with prejudice.

IT IS SO ORDERED this 19th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE